The PEOPLE of the State of Colorado, Petitioner–Appellee, In the Interest of A.E., C.E., and J.E., Children,

And Concerning M.E., Respondent–Appellant.

No. 87CA0087.

Colorado Court of Appeals, Div. III.

Nov. 12, 1987.

Rehearing Denied Dec. 17, 1987.

Robert J. Main, Asst. Co. Atty., Brighton, for petitioner-appellee.

Holland and Scott, Cynthia Rixey Scott, Denver, for respondent-appellant.

Deborah A. Cooper, Boulder, guardian ad litem.

BABCOCK, Judge.

M.E., mother, appeals an order of the trial court terminating the parent-child legal relationship between her and her minor children, A.E., C.E., and J.E. She contends that termination of her parental rights was improper under the Indian Child Welfare Act, 25 U.S.C. § 1901 et seq. (ICWA), and under the Colorado Children's Code, § 19-11-101 et seq., C.R.S. (1986 Repl.Vol. 8B). We affirm.

## I.

On the second day of the termination hearing, the children's father, who is not a party to this appeal, submitted relinquishment papers to the trial court which indicated for the first time in the four-year pendency of the matter that the children were of Native American descent. To facilitate compliance with the ICWA, the trial court continued the hearing for notification of the Creek Nation, the Indian tribe with which the children were allegedly associated.

Three months later, without having received a response from the Creek Nation requesting or declining intervention or verifying the parents' or the childrens' membership status, the termination hearing resumed. M.E.'s attorney advised the trial court of efforts made to contact the Creek Nation. An offer of proof as to the testimony of a social worker affiliated with the Indian Child Welfare Board was made, indicating that she believed the children were eligible for membership in the Creek Nation; when questioned, however, the social worker stated that she did not know the membership criteria of the Creek Nation. In addition, an offer of proof as to the testimony of the children's maternal grandmother was made, showing that she had been an enrolled member of the Creek Nation all of her life.

In its memorandum opinion and order terminating the parent-child legal relationship between mother and her children, the trial court found that mother and the children were eligible for membership in the Creek Nation and applied the ICWA. Mother contends that, in terminating her parental rights, the trial court did not comply with 25 U.S.C. § 1912 of the ICWA. The Department of Social Services (department) contends that the ICWA is inapplicable. We agree with the department.

The ICWA sets forth minimum federal standards for the removal of an Indian child from his family. 25 U.S.C. § 1902; *People in Interest of J.L.G.*, 687 P.2d 477 (Colo.App.1984). It defines "Indian child" as "any unmarried person who is under the age of eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe *and* is the biological child of a *member* of an Indian tribe." 25 U.S.C. § 1903(4) (emphasis added). Until it is established on the record that the child meets one or both of these criteria, the ICWA is not applicable. *Matter of Appeal of Maricopa County*, 136 Ariz. 528, 667 P.2d 228 (App.1983).

■ The ICWA does not set forth requisite criteria for membership in an Indian tribe; instead, each Indian tribe has the authority to determine its membership criteria and to decide who meets those criteria. *In re Junious M.*, 144 Cal.App.3d 786, 193 Cal.Rptr. 40 (1983); *Application of Angus*, 60 Or.App. 546, 655 P.2d 208 (1982); 44 Fed.Reg. 67,584, at 67,586 (1979).

■ Although enrollment in an Indian tribe is probative of membership, it is not the sole means of establishing tribal membership, nor is it determinative. *In re Junious M., supra;* 44 Fed.Reg. 67,584 at 67,586 (1979). The Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed.Reg. 67,584 (1979), advise that determination by an Indian tribe as to a child's eligibility for membership or membership in that tribe is conclusive. *In re Smith*, 46 Wash.App. 647, 731 P.2d 1149 (1987); *see generally People in Interest of C.A.J.*, 709 P.2d 604 (Colo.App.1985).

■ There is nothing in the record establishing the children's membership or eligibility for membership in the Creek Nation, and no evidence was adduced establishing mother's membership or eligibility for membership in the Creek Nation. Furthermore, the Creek Nation did not respond to the notice of the proceedings, and no evidence concerning the membership criteria of the Creek Nation was introduced.

Thus, the record fails to establish an evidentiary basis for the trial court's finding that mother and the children were eligible for membership in the Creek Nation. *See Matter of Appeal of Maricopa County, supra; People in Interest of C.R.M.*, 307 N.W.2d 131 (S.D.1981); *In re Smith, supra.* Accordingly, the trial court erred in concluding that the children were Indian children within the meaning of the ICWA and in applying the ICWA to the termination proceeding. We conclude, however, that the error does not require reversal because termination of the parent-child legal relationship was proper under § 19–11–105, C.R.S. (1986 Repl.Vol. 8B).

## II.

Mother contends that termination was improper because the treatment plan was inappropriate, arguing that it did not consider the family's Indian heritage and that it unreasonably required her to drive from Denver to Pueblo to visit the children. We disagree.

■ The appropriateness of a treatment plan must be measured by its likelihood of success in reuniting the family by eliminating those factors which initiated state intervention. *People in Interest of M.M.*, 726 P.2d 1108 (Colo.1986); *People in Interest of B.J.D.*, 626 P.2d 727 (Colo.App. 1981). Appropriateness is not defeated simply because a treatment plan is ultimately unsuccessful; rather, its requirements must be assessed in light of the realities extant at the time of its adoption. *People in Interest of M.M., supra; People in Interest of C.A.K.*, 652 P.2d 603 (Colo. 1982).

■ Neither the trial court nor the department became aware of the family's Indian heritage until the second day of the termination hearing. The failure of the treatment plan to consider something which was unknown at the time of its adoption does not render it inappropriate.

■ Mother's failure to visit the children was not because of financial problems or lack of transportation. Instead, mother refused to accept transportational alternatives offered by the department and failed to telephone or write letters to the children under the modified plan. Under these circumstances, we cannot conclude that the visitation provisions were so unreasonable as to render the treatment plan inappropriate.

## III.

■ Mother's remaining contentions concern the sufficiency of the evidence with respect to the statutory criteria for termination. *See* § 19–11–105(1) and (2), C.R.S. (1986 Repl.Vol. 8B). Our review of the record reveals that clear and convincing evidence was adduced to show that mother was unwilling to provide reasonable paren-

tal care, refusing the return of her oldest child in August 1985; that mother failed to maintain contact with her social worker and the children during the four-year pendency of the matter; that, in light of mother's past conduct, it was unlikely that she would change within a reasonable time; that the department made monumental efforts to facilitate rehabilitation of mother; that no feasible alternatives to termination existed; and that termination was in the best interests of the children. *See People in Interest of A.H.*, 736 P.2d 425 (Colo.App. 1987).

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.